### RODWELL SIGN CO. v. F. TUCHFARBER CO.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1903.)

#### No. 1,188.

**1. PATENTS—EVIDENCE OF ANTICIPATION.**

The rule that evidence relied upon to overthrow the presumption of patentable novelty should be of the most cogent character does not preclude the court from accepting as sufficient the oral testimony of witnesses describing prior anticipating devices, although none of such devices are produced, where such testimony is of such character as to produce conviction beyond a reasonable doubt.

**2. SAME—INFRINGEMENT—SIGN LETTERS FOR ATTACHMENT TO GLASS.**

The Barrett patent, No. 468,720, for sign letters or symbols, formed recessed or concave in their front or obverse side, and having a flat, narrow edge or rim for attachment to the inner side of a pane of glass, in order to sustain its claim to patentable novelty, must be limited to separately detachable letters or symbols having the rim or edge described and shown; and, as so construed, it is not infringed by a sign of sheet metal having concave letters stamped therein, which is attached by means of a gummed ornamental paper border to the inner surface of a pane of glass previously colored and ornamented, and having transparent letters blocked out thereon to register with those of the plate.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

This is a bill to restrain infringement of a patent to J. E. Barrett, No. 468,720, for an improvement in "letters, figures, and ornamental designs to be attached to glass," for forming signs, etc.

The patentee, in his specifications, says:

"The object of my invention is to obtain a letter which may be attached to a glass or other transparent plate by cement or other suitable means, the front face of said letter or figure coming in contact with the glass to which

it is attached, thus enabling one to attach said letters or figures, in the case of a plate of glass forming an outside window pane, to the inner surface thereof, avoiding thereby the many difficulties hereinbefore named attending the use of a letter, whether composed of one or more pieces of metal, glass, or porcelain, when attached to the outer surface of the said glass; and, in order to obtain a letter adapted for use in the manner sought by me, I make use of the herein-described process, producing thereby, as a new article of manufacture, a metallic letter, having a concave surface, composed of one or more faces or facets, or of a concave curved surface, as preferred, and having a smooth rim or edge, being in a plane adapted to be fitted closely against a glass or other transparent plate. A letter formed as thus described, more particularly when having several facets therein, as said letter is usually and preferably manufactured by me, may be secured to glass or other transparent material by placing cement upon the smooth rim or edge surrounding said facets, and afterward pressing the letter against the glass in such manner as to exclude from the concave portion thereof or from said facets free of any circulation of air; and hence the several brilliant effects produced by innumerable facets of bright reflecting metallic surfaces is maintained, as the said facets are protected thereby from the tarnish or change wrought by the action of the air, or gases mixed therewith."

He illustrates his invention by a sign letter, T; the letter being composed of a number of convex surfaces having facets thereon, as shown by Figures 1 2, and 3.

Fig 1.

Fig. 2.

Fig 3.

A is the rim or edge of his improved letter. a; a, a, are the facets, shown in Fig. 1, as being on the concave portion of his letter. B is the concave portion of said letter.

The specifications say that the facets may be omitted from the concave portion of the letter. It is then recited "that the principal difference in the form and construction of my letters and the letter ordinarily made for the purpose of being attached to glass or other plain surface consists in my having the rim or edge, A, which is a necessary portion thereof, but which rim or edge does not appear in Fig. 3, and is not necessary in a letter formed in the ordinary manner. * * *"

The claims of the patent are as follows:

"(1) As a new article of manufacture, a letter adapted to be secured by a rim or edge forming its front face to a plate of glass or other transparent material, the said letter having such flat edge or rim touching said plate of glass, and a concave portion surrounded by said edge or rim, and having any desired number of facets arranged regularly in relation to each other and to said edge or rim in said concave portion of the letter, all substantially as described, and for the purpose set forth.

"(2) As a new article of manufacture, a metallic sign letter having depressions therein, said depressions presenting a series of facets which form brilliant or reflecting surfaces on said letters, substantially as described.

"(3) An improved sign letter or symbol of the class herein specified, formed recessed in its front or obverse side, as set forth.

"(4) An improved sign letter or symbol, formed recessed in its front or obverse side, and raised correspondingly on its back or reverse side, as set forth.

"(5) A sign letter or symbol, formed recessed in its front or obverse side, and with an attaching edge on said side, as set forth.

"(6) A sign letter or symbol, formed recessed in its front or obverse side, and with an attaching edge on said side, and raised correspondingly on its back or reverse side, as set forth.

"(7) A sign or advertisement composed of letters or symbols, formed recessed in their obverse sides, and secured thereat on the inner side of a glass pane, as set forth.

"(8) A sign letter, symbol, or ornament, formed recessed in its front side, the said recess being shining, gilded, or otherwise ornamented, an attaching edge surrounding said recessed face to receive the cement which holds the sign letter, symbol, or ornament in position, with its polished, gilded, or otherwise ornamented face next the glass or other transparent material, as set forth.

"(9) A sign letter, symbol, or ornament recessed in its front or obverse side, the said recess being shining, gilded, or otherwise ornamented, in combination with a transparent cover placed over the recessed face, as set forth.

"(10) A sign letter, symbol, or ornament having a recessed face, shining, gilded, or otherwise ornamented, in combination with a transparent cover cemented air-tight to said recessed face, as set forth."

The defense was want of novelty and noninfringement. Without passing upon the validity of the patent, the court below held that no infringement was shown.

Stem, Heidman & Mehlhope, for appellant.
Wm. Hubbell Fisher, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The alleged infringement consists of a sign made of a single sheet of plate tin, bright and shiny, behind a sheet of glass, colored and ornamented on its inner side. Upon the sheet metal the words "Moerliens Cincinnati Bottled Beer" are stamped in recessed or con-

cave letters. The same words in transparent glass are blocked out or outlined upon the inner side of the colored glass in such manner as to register with the lettering upon the background of tin. The glass included within the outlined letters is transparent, but colored with a transparent yellow varnish, so as to give to the concave letters behind the appearance of being gilded. The tin and glass sheets are held together by an ordinary paper backing, which is glued or gummed to the back of the tin and edges and border of the covering glass in an ornamental way.

It was not new to make detachable letters adapted to be attached by their adverse side to glass or metal or wood. Many designs covering various ways of attaching single letters or symbols to the front of glass or other background in such manner as to make a sign or name or advertisement are shown by the evidence in the record. Nor was it new to make sunken or recessed letters. Examples of such concave lettering in stone may be witnessed upon monuments, gravestones, etc. So, too, it is shown by most satisfactory evidence that business signs were old, consisting of depressed or sunken letters carved in wood, the concave portion being gilded. The "Steinau" sign, exhibited by respondent, is a complete example of such ornamental concave lettering in business signs, made and used long prior to the patent in suit. So, too, it is overwhelmingly shown that signs made by stamping the letters or words in thin sheet metal, japanned or colored, the letters having concave surfaces and a raised reverse, were in common use by insurance companies as house signs, indicating that the house to which they were attached was insured by the company advertised by the recessed lettering. Such signs, made in thin metal, correspond in every way with the tin portion of the infringing sign, as well as with that shown in complainant's Exhibit "Libbey Cut Glass." The colored glass sign in front of respondent's "Moerlein Beer" sign and complainant's "Libbey Glass" sign, with the letters outlined or blocked out in clear glass, are well-known types of the signmakers' art, as well shown by the evidence in this record. The respondent's sign is therefore but a combination of two well-known methods of signmaking.

The outlined lettering on the glass registers with the recessed or concave lettering on the sheet metal behind, and produces a somewhat effective appearance. By placing over the clear glass in the blocked-out letters a transparent film of yellow varnish, the concave lettering behind is given a gilded appearance. The glass serves, also, to protect the metal lettering from dust, rain, etc. The same thing is done by the complainant, as shown by one of its exhibits, and for this method of signmaking the protection of the patent is invoked. But it does not follow that signs so constructed are within the scope of complainant's patent. Indeed, the state of the art to which the patent belongs was such as to forbid the monopoly of this method of signmaking. Waiving the question as to whether it would be patentable invention to provide for the placing of glass in front of a name, sign, or symbol composed of sunken or concave letters, the practice was not novel when this patent issued.

Six unimpeachable witnesses testify to having, before the patent, either made and sold, or to having seen in public use, in the city of Cincinnati, door name-plates made in this same way. These plates consisted of a name cut in a suitable block of wood or other material, the letters being recessed or concave. The obverse side of this recessed tablet was then placed against a plate of clear glass, and both enclosed in a silver-plated frame adapted to be attached to the outside of a door. That no two of these witnesses testify as to the same identical plate, and that none of these old plates are produced, is urged as ground upon which we should hold the anticipation not proven. We are not unmindful of the liability to mistake in oral evidence of an anticipation, and of the rule which requires that the evidence relied upon to overthrow the presumption of novelty should be of a most cogent character. Deering v. Winona Harvester Works, 155 U. S. 286, 300, 15 Sup. Ct. 118, 39 L. Ed. 153; Amer. Roll Paper Co. v. Weston, 59 Fed. 147, 8 C. C. A. 56. Nevertheless we cannot escape the conviction that this method of making door name-plates is established as convincingly as any such fact can be established where the original article is not produced. So far as we can see, the witnesses are without bias or incentive to color their evidence. The probability of mistake is reduced to a minimum by the very simple character of the subject about which they testify. The case is therefore quite exceptional, and, if the evidence does in fact produce conviction beyond all reasonable doubt, we are unadvised of any rule which denies to it legal effect in any class of case, criminal or civil.

But we are not at all disposed to concede to the patent any such broad interpretation as to bring within its scope the infringing device. No hint or suggestion is found in the description of the invention which includes anything other than individual, detachable letters, symbols, or figures. As the evidence shows, and as the patent admits, detachable lettered figures were old, and methods for attaching them were the subject of a number of patents prior to that of the complainants. But so far as these patents show, and so far as evidence aliunde goes, all former devices related to methods for attaching such letters by their adverse sides to the outside of glass or other surfaces. The invention the patentee describes was that of letters made concave, with a flat, narrow edge or rim by which they might be attached upon their obverse or front sides to the inner side of a pane of glass. By letters of this character he claimed to produce not only a better effect, due to their concavity, but that they would be protected by the glass from dust, rain, and malicious injury, while at the same time preserving their value as letters easily detachable, and capable of change in grouping. That this was the object he sought to attain he plainly states in his specifications and that this narrow rim or edge is a necessary difference between his letters and the detachable letters already in common use he also plainly sets out. Unless we limit his claims by confining him to the detachable letters or symbols, having the rim or edge shown in his specifications and drawings, whereby each individual letter or symbol is separately attachable,

his patent would be broad enough to include that which was not novel, and not capable of being monopolized. We need decide no more than that the patent, thus limited, does not include the sign made by the defendant.

The decree is accordingly affirmed.