## STEINAU CO. v. COMMON SENSE NOVELTY CO.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1924.)

No. 3430.

Patents ⊚⟶328—Steinau patent, 1,436,365, for unitary window sign, held invalid for lack of invention.

Steinau patent, No. 1,436,365, for unitary window sign having depressed letters, gilded or brightly colored, to be attached to inside of window by means of substance applied to part of sheet not depressed, *held* invalid for lack of invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Steinau Company, a copartnership, against the Common Sense Novelty Company. Decree for defendant, and plaintiff appeals. Affirmed.

Thomas A. Banning, Jr., and Samuel W. Banning, both of Chicago, Ill., for appellant.

Charles H. Poole, and Clarence E. Mehlhope, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from the decree of the District Court finding invalid patent No. 1,436,365, granted appellant Nov. 21, 1922, for improvement in advertising display signs. The patent is for a window sign in which the letters are depressed or countersunk from the plane of the sheet from which the sign is made, and the letters gilded or otherwise brightly colored, the sign to be attached to the inside surface of the window by means of an adhesive substance previously applied to so much of the sheet as is not so countersunk. The claimed single feature of advance over the prior art is in the unitary sign wherein the part of the sheet which contacts with the glass is adapted to receive the adhesive substance, making a sign cheaply producable in large quantities, and readily and durably attachable in its entirety to the inside of the glass.

Window signs of countersunk letters of V-shape or other cross-section are old in the art, and such single letters, for use in window signs, and with narrow rims about the edge of the letter for receiving sticking substance for attachment to the inner surface of a window, are also old. A device such as the latter was considered in the Sixth circuit as far back as 1903 in Rodwell Sign Co. v. F. Tuchfarber Co., 127 F. 138, 62 C. C. A. 252.

One of the other claimed advantages for the single letter signs so attached was its removability for use in other combinations of letters. With such a background we cannot perceive any element of invention in combining two or any number of such letters in any desired shape or form into a single sign, and applying to the parts which would contact with the surface of the glass glue or other sticking substance, just as was done with the single letters.

From the affidavit of Mr. Bostwick, whose company manufactures for appellant its signs purporting to be made under the patent, it would seem that one of the difficulties was to find a glue which would permit the shipment of these signs in large quantities and in contact with each other without their sticking together, and at the same time be suitable for properly attaching the sign to the glass so that changes of temperature of the window glass will not cause the signs to loosen and fall. He describes the difficulty of obtaining such a glue and the experiments of some of the largest glue manufacturers in the United States, resulting ultimately in the production of a suitable glue, and a very considerable business in the

signs. From this it would seem that the great problem was the glue. With this the patent does not deal.

We believe that the District Court, in its finding that the patent does not show invention over the prior art, was right, and the decree is affirmed.